CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 6, 2018

LETTER TO COUNSEL

    RE:    *Constance Denise Perger v. Commissioner, Social Security Administration*;[1]
           Civil No. SAG-17-1585

Dear Counsel:

On June 9, 2017, Plaintiff Constance Denise Perger petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Ms. Perger's reply. [ECF Nos. 17, 18, 19]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the SSA's decision in part, and remand the case to the SSA for further consideration. This letter explains my rationale.

Ms. Perger protectively filed her claims for benefits on June 17, 2013, alleging a disability onset date of January 16, 2012. (Tr. 200-08). Her claims were denied initially and on reconsideration. (Tr. 75-104, 107-38). A hearing was held on May 23, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 37-74). Following the hearing, the ALJ determined that Ms. Perger was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-36). The Appeals Council denied Ms. Perger's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Perger suffered from the severe impairments of "degenerative disc disease, osteoarthritis, fibromyalgia, migraines, major depressive disorder, and generalized anxiety disorder." (Tr. 17). Despite these impairments, the ALJ determined that Ms. Perger retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except she is limited to occasionally lifting 10 pounds and frequently less than 10 pounds; occasionally carrying 10 pounds and frequently less than 10 pound [sic]; standing or walking up to two hours (each); occasional bilateral reaching

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> overhead; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; no work around unprotected heights or moving mechanical parts; occasional exposure to humidity and wetness; never exposure to temperature extremes; occasional vibration; and moderate noise. She is also limited to perform simple, routine and repetitive tasks but not at a production rate pace (e.g. assembly line work); limited to simple work-related decisions with few, if any, workplace changes meaning the same duties are performed at the same station or location from day to day. After 30 minutes of standing or walking would need to sit for approximately two minutes and after 30 minutes of sitting would need to be able to stand for approximately two minutes but would remain on task.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Perger could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled.[2] (Tr. 29-30).

Ms. Perger raises three primary arguments on appeal: (1) that the ALJ improperly evaluated Listing 1.04; (2) that the ALJ did not consider her fibromyalgia under the appropriate standards; and (3) that the ALJ erred at step five by applying her actual age category. I agree that the ALJ did not provide the required analysis of each criteria of Listing 1.04. Accordingly, remand is warranted. In remanding the case for additional consideration, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Perger is not entitled to benefits is correct.

In the cases of *Radford v. Colvin,* 734 F.3d 288 (4th Cir. 2013), and *Fox v. Colvin,* 632 F. App'x 750, 753 (4th Cir. 2015), the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's finding of whether a claimant's impairments meet a listing at step three of the sequential evaluation.

In *Fox*, regarding his findings at step three of the sequential evaluation, the ALJ stated:

Although the claimant has 'severe' impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

---

[2] Although not material to the analysis in this opinion, I note that one of the three jobs identified by the VE and cited by the ALJ is that of "election clerk." (Tr. 30). By the terms of the definition in the DOT, that job consists of performing certain "duties during elections." DOT Code 205.367-030. Because elections take place only two or three times per year in most jurisdictions, the job of "election clerk" appears unlikely to provide a claimant with substantial gainful employment. On remand, if the job is identified again, the ALJ may want to inquire further regarding the viability of the position.

632 F. App'x at 754-55. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* at 755 (quoting *Radford*, 734 F.3d at 295). That is, the ALJ did not apply any findings or medical evidence to the disability listing and "offered nothing to reveal *why* he was making his decision." *Id.* The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the claimant did not meet a listing. *Id.* Rather, the *Fox* Court emphasized that it is not this Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* The Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.*

Turning to the instant case, at step three, regarding Ms. Perger's back impairments, the ALJ stated the following:

> Listing 1.04, disorders of the spine, is not met because the record does not demonstrate compromise of a nerve root or the spinal cord with additional findings of: A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test or; B. Spinal arachnoiditis or; C. Lumbar spinal stenosis resulting in pseudoclaudication, with an inability to ambulate effectively. As discussed in greater detail below in Finding 5, treatment has been fairly conservative, with some benefit, and imaging studies do not suggest listing-level severity (e.g. Exhibits 1F/9, 12; 2F; 13F/1; 16F; 20F; 23F).

(Tr. 18).

Like in *Fox,* the ALJ in this case did not "provide any explanation connecting his determination to that of [the claimant's] failure to meet the listing impairment." 632 F. App'x at 755. That duty cannot be fulfilled by an ALJ's discussion of medical evidence elsewhere in the decision, unless the evidence is directly connected to the requirements of a listing. *See Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) ("Reading the ALJ's decision as a whole, substantial evidence supports the finding at step three of the sequential evaluation process as the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting Listing 1.02.") (citation omitted); *but see Fox*, 632 F. App'x at 755 ("Nor was there any 'specific application of the pertinent legal requirements to the record evidence.' As a result, the ALJ's findings lack the 'necessary predicate' for us to engage in review.") (citations omitted). Here, though the ALJ recited many of the criteria of Listing 1.04, the ALJ failed to apply the criteria to the medical evidence at any point in the decision. Moreover, *Fox* and its progeny seem to preclude a "harmless error" analysis by prohibiting a *de novo* review of the record to see whether or not evidence supporting a listing is contained therein. Both parties adduce extensive evidence, cited by the ALJ or appearing elsewhere in the record, arguably supporting their respective

interpretations of the Listing criteria. However, it is simply not the province of this Court to review the evidence to conduct a Listing analysis in the first instance, and remand is accordingly warranted.

Because Ms. Perger will have entered a higher age category by the time an ALJ reviews her case on remand, discussion of her age category argument would not be productive. Also, on remand, the ALJ should appropriately evaluate Ms. Perger's fibromyalgia, in accordance with Social Security Ruling 12-2p (S.S.A. July 25, 2012), and should determine whether any additional limitations are required.

For the reasons set forth herein, Ms. Perger's Motion for Summary Judgment, (ECF No. 17), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 18), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge